LUNDSTEN, P.J.[1]
¶1 David Mashak appeals a judgment against his former tenant, Morgan Leis. Mashak brought a small claims suit against Leis for unpaid rent, clean up, and repairs. The circuit court awarded damages to Mashak, although the amount was significantly less than what Mashak sought. On appeal, Mashak contends that the circuit court erroneously failed to award him damages for certain categories of damage that Mashak claimed Leis caused to the property. I reject Mashak's arguments, and affirm the circuit court.
Background
¶2 At a court trial on this matter, Mashak and his tenant, Leis, each testified. Mashak presented pictures of the condition of the property after Leis had moved out. Mashak also called as a witness a neighbor who was familiar with the property before and after Leis's tenancy. The circuit court found that Mashak did not meet his burden to prove that all of the damages Mashak claimed were caused by Leis.
¶3 The circuit court awarded Mashak two months rent under the terms of the lease, damages for cleaning time, door locks, floor damage, and yard work, plus statutory costs. The court then deducted double the amount of the security deposit because Mashak did not provide the required notice related to the security deposit. The total award to Mashak was $819.24. Mashak appeals.
Discussion
¶4 Mashak challenges damages with respect to the following: (1) deep scratches on the floor; (2) paint work and trim damage; (3) window blinds; and (4) bathroom plumbing, bathroom flooring, and vanity. I address each topic in turn below.
A. Deep Scratches on the Floor
¶5 Mashak complains that he presented evidence of scratches on the bedroom floor, which were too deep to sand out, and received no compensation for this damage. The circuit court found that Mashak failed to prove that Leis was responsible for all of the flooring damage. The court stated: "So we have some flooring issues, which again, there is a difference of who I believe.... What I'm going to award for flooring is $150, and I think there was some damage done by Mr. Leis, but I believe there was damage there before."
¶6 Whether or not the tenant damaged the premises is a question of fact. Findings of fact in a trial to the court are affirmed unless clearly erroneous. WIS. STAT. § 805.17(2). The circuit court's finding regarding the bedroom floor is not clearly erroneous. As the circuit court pointed out, Mashak did not present what the circuit court viewed as reliable evidence of the condition of the floor before Leis's tenancy, such as "before" pictures or a "check-in sheet."
¶7 Therefore, I reject Mashak's argument that he should have been awarded damages for the deep scratches on the floor.
B. Paint Work and Trim Damage
¶8 Mashak contends that the circuit court erred in failing to compensate Mashak for his work repainting the walls to cover up marker writing and for damage to a piece of trim. When the court asked Leis if the marker writing was there when he moved in, Leis responded, "No." As to the trim damage, Leis stated: "It was damaged.... Not that bad, but it was already damaged." The court did not mention these items in its decision. Thus, as is typically done in such situations, I will assume implicit fact-finding by the circuit court against Mashak. That is, I will assume the circuit court found that Mashak did not present credible evidence that these items of alleged damage were sufficiently proven.
¶9 Here, once more, Mashak did not present evidence of the condition of the items before Leis moved in, such as pictures or a check list. I acknowledge that Mashak presented a witness who asserted that she was familiar with the condition of the house both before and after Leis was a tenant, but I see nothing in her testimony specific to these items. Moreover, I infer from the court's decision not to award damages for these items that the court did not find Mashak credible in this respect.
¶10 Moreover, Mashak could have asked the circuit court about these items when the court ruled orally, but did not mention them. An appeal should not be a substitute for drawing the circuit court's attention to something the court did not specifically address.
C. Window Blinds
¶11 Next, Mashak complains that, despite Leis admitting to having "wrecked" the blinds, Mashak did not receive $41.96 in compensation for the blinds. As with the wall painting and the trim, the circuit court's decision did not expressly address the blinds. I acknowledge that the circuit court likely should have included some amount for the blinds, but I decline to reverse the circuit court based on the absence of an award for the blinds. This is a small claims action in which courts endeavor to provide a prompt and overall fair resolution. I conclude that this occurred here. I decline to reverse for further proceedings because of such a minor item. Also, as with the wall painting and trim, Mashak failed to bring to the circuit court's attention the court's failure to address the blinds when the court ruled. As I previously noted, an appeal should not be a substitute for timely drawing the circuit court's attention to something the court did not specifically address.
D. Bathroom Plumbing, Flooring, and Vanity
¶12 Last, Mashak takes issue with the circuit court's determination on the bathroom damage. Mashak's argument proceeds as follows. During the trial, when Mashak described plumbing work he had done after Leis moved out, the circuit court effectively pointed out that Mashak was not "a certified plumber or anything like that," but when Leis testified that Leis had "monkeyed" with the bathtub plumbing so that it would drain, the court made no similar observation. Mashak seems to contend, based on this testimony, that the circuit court could only reasonably have found that the damage in the bathroom, presumably the plumbing, flooring, and vanity, occurred because Leis "monkeyed" with the drain and the "flipper nozzle."
¶13 Whether Leis's actions caused all of the damage Mashak claims is a question of fact. As to the bathroom plumbing, the court stated: "Replacing missing tub vent and drain, these are, again, different things that there is a discrepancy as to what the circumstances were when Mr. Leis moved in. I think that there were issues when Mr. Leis moved in." As to the vanity, which Mashak does not separately address on appeal, the court stated that it was "not satisfied" that Mashak had met his burden of proof. More generally, the circuit court highlighted Mashak's evidentiary deficiencies and determined that Mashak failed to meet his burden of proving that Leis caused the property damage. In context, this general finding by the circuit court appears to apply to the bathroom items.
¶14 In sum, the circuit court was not persuaded by Mashak's evidence, and Mashak has not demonstrated that this resolution of a factual dispute was clearly erroneous.
Conclusion
¶15 For the foregoing reasons, I affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a). All references to the Wisconsin Statutes are to the 2015-16 version.